IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DENNIS WALTER BOND, SR.,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No. 10-cv-1256-RWT |
| **MARRIOTT INTERNATIONAL, INC.,** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION AND ORDER

On August 9, 2013, this Court issued a Memorandum Opinion and Order denying Defendants' Motion for Summary Judgment and granting Plaintiffs' Cross-Motion for Summary Judgment.[1] ECF Nos. 119, 120 ("Mem. Op."). On August 22, 2013, Defendants filed a Motion to Alter/Amend Judgment to Certify Interlocutory Appeal and Stay Proceeding. ECF No. 121 ("Defs.' Mot."). Defendants have requested interlocutory appeal certification on the following two issues: "(1) in the Fourth Circuit, ERISA claims only accrue upon formal denial of a claim; and (2) the statute of limitations and the doctrine of laches are mutually exclusive defenses in this case." Defs.' Mot. at 2. Plaintiffs filed an Opposition on September 9, 2013 (ECF No. 122 ("Pls.' Opp'n")) and Defendants filed a Reply on September 23, 2013. ECF No. 123 ("Defs.' Reply").

---

[1] Refer to the August 9, 2013 Memorandum Opinion for a detailed factual and procedural history of the case. ECF No. 119.

## STANDARD OF REVIEW

To grant an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), a district court must certify that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The statute grants "district courts circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable." *Swint v. Chambers County Com'n*, 514 U.S. 35, 46 (1995). However, the Fourth Circuit has made clear that "1292(b) should be used sparingly and … its requirements should be strictly construed." *Patterson v. United States*, 881 F.2d 125, 127 (4th Cir. 1989); *see also Fannin v. CSX Transp., Inc.*, 873 F.2d 1438 (4th Cir. 1989) ("[I]nterlocutory review is not to be granted lightly…. The immediate appeal of a certified question is an extraordinary remedy.").

## ANALYSIS

### I. Statute of Limitations

Defendants have requested certification on the issue of whether the "formal denial" rule is the accrual rule for ERISA claims in the Fourth Circuit, arguing that courts in the Circuit have recognized the "clear repudiation" rule as well. This issue does not satisfy the three requirements for interlocutory appeal. Though there may be some ground for difference of opinion, this is not a controlling question of law in this case and an appeal would not materially advance the ultimate termination of the litigation. Even if the Fourth Circuit were to find that the formal denial rule is not the exclusive accrual rule in the Circuit, it would still be appropriate to apply the rule in this case.

It is clear that the majority of Fourth Circuit cases addressing this issue have applied the formal denial rule. *See, e.g., White v. Sun Life Assur. Co. of Canada*, 488 F.3d 240, 245 (4th Cir. 2007). While this Court "decline[d] the Defendants' invitation to venture beyond the Fourth Circuit's 'plain and unconditional' rule" it made clear that it would have used this standard even if it were not the majority rule in the Circuit. This Court essentially did an independent analysis to determine that this was the most appropriate standard in this case. For example, the Memorandum Opinion stated that the rule "makes practical sense here, because to hold otherwise would require lay participants and beneficiaries to be constantly alert for errors or abuses… and also would burden the judicial system with multiple and premature actions." Mem. Op. at 15 (quotations omitted). Additionally, it held that the rule is "founded on ERISA's substantive and procedural requirements." Mem. Op. at 15. As this Court would have applied this standard even if not constrained by the Fourth Circuit's precedent, a finding on appeal that this is not the exclusive rule of the Circuit would be immaterial. As so many courts in the Fourth Circuit have applied this rule, it is certainly at least appropriate to do so. If Defendants plan to argue that clear repudiation is the only permissible rule, appeal is equally improper as there is no basis to challenge the Fourth Circuit's undisputed preference for the formal denial rule.

Furthermore, though not serving as the basis for its ruling, this Court essentially conducted an analysis under the clear repudiation rule and found that the communication at issue "cannot reasonably be defined as a 'clear repudiation' of any sort." Mem. Op. at 14. As the Court indicated it would come to the same conclusion under either standard, consideration of this issue on appeal would only prolong litigation.

## II. Doctrine of Laches

Defendants' request for certification on the applicability of the laches defense also does not meet the 28 U.S.C. § 1292(b) standard. The Fourth Circuit has stated that "the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin*, 873 F.2d at *5. As the Court did not address the laches issue on the facts, a decision in Defendants' favor would result in a remand to determine the merits of the laches defense and would not dispose of the litigation.

Furthermore, "[t]he doctrine of laches is based on the maxim that equity aids the vigilant, not those who sleep on their rights." *Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 797 (4th Cir. 2001). "Laches imposes on the defendant the ultimate burden of proving '(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" *White v. Daniel*, 909 F.2d 99, 102 (4th Cir. 1990) (quoting *Costello v. United States*, 365 U.S. 265, 282 (1961)). The Memorandum Opinion specifically found that Plaintiffs were not aware of their rights as the "Retirement Awards, annual statements, and 1978 Prospectus never adequately informed the Plaintiffs that they had been harmed, or that they could seek relief under ERISA." Mem. Op. at 15. Lack of diligence, therefore, is not at issue and certifying this for appeal would only serve to prolong the litigation. This is not the type of "exceptional situation" contemplated by the interlocutory appeal statute. *Fannin*, 873 F.2d at *2.

For the foregoing reasons, it is this 24th day of October, 2013, by the United States District Court for the District of Maryland,

**ORDERED**, that the Defendants' Motion to Alter/Amend Judgment to Certify Interlocutory Appeal and Stay Proceeding (ECF No. 121) is **DENIED**.

                                              /s/
                                      ROGER W. TITUS
                                      UNITED STATES DISTRICT JUDGE