IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DENNIS WALTER BOND, SR.,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No. 10-cv-1256-RWT |
| **MARRIOTT INTERNATIONAL, INC.,** *et al.*, | * | |
| Defendants. | * | |

## **MEMORANDUM OPINION**

On January 19, 2010, the Plaintiffs, former employees of Marriott International, Inc. ("Marriott") and/or its corporate predecessors, filed a Class Action Complaint against Marriott and Marriott International, Inc. Stock and Cash Incentive Plan in the United States District Court for the District of Columbia. ECF No. 1. On May 17, 2010, Judge Emmet G. Sullivan ordered that the case be transferred to this Court. ECF No. 26. The Plaintiffs, who received Retired Deferred Stock Bonus Awards ("Retirement Awards"), claimed that Marriott was failing to issue stock to Retirement Award recipients, or issuing less stock than what is due under the Retirement Awards and the Employee Retirement Income Security Act of 1974 ("ERISA"). ECF No. 1 at 2. The Plaintiffs sought to recover damages for the Defendants' failure to comply with the Retirement Awards and ERISA, and to clarify their rights under ERISA. *Id.*

On October 17, 2011, the Plaintiffs filed a Second Amended Complaint in this Court. ECF No. 69. On September 10, 2012, the Plaintiffs filed a Motion for Class Certification, proposing two classes: (1) The "Top-Hat" Class; and (2) The Limitations Class. ECF No. 80. Defendants filed a Motion for Summary Judgment on December 19, 2012, arguing that the

Plaintiffs' ERISA claims are barred by the statute of limitations and the doctrine of laches. ECF No. 97. On January 23, 2013, the Plaintiffs filed their Cross-Motion for Summary Judgment on the statute of limitations and laches issues. ECF No. 100. This Court held a hearing on the motions for summary judgment on June 7, 2013 and on August 9, 2013, issued a Memorandum Opinion and Order denying Defendants' Motion for Summary Judgment and granting Plaintiffs' Cross-Motion for Summary Judgment. ECF Nos. 119, 120. Although the Court was prepared to address the Motion for Class Certification at that time, the parties agreed that in order to provide an opportunity for voluntary resolution of the case, the Court would defer ruling on class certification for ninety days. On November 8, 2013, each party submitted a status report indicating that a settlement had not been reached. ECF Nos. 125, 126. The parties have requested that the Court now issue a ruling on the pending Motion for Class Certification. *Id.*

## ANALYSIS[1]

"Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Rule 23(a) provides that "[o]ne or more members of a class may sue . . . as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

---

[1] See this Court's August 9, 2013 Memorandum Opinion for a detailed factual and procedural history of this case. ECF No. 119.

The Plaintiffs propose two classes for certification under Rule 23: (1) the Top-Hat Class; and (2) the Limitations Class. The Top-Hat Class would include all Retirement Award recipients who: (1) were employed by Marriott or its affiliates at some point after January 1, 1976; (2) did not either elect or default to receive all of their Retirement Award shares in the form of Host Marriott stock at the time of the 1993 spin-off; and (3) did not become employees of Sodexho Marriott Services at the time of the 1998 spin-off. Pls.' Mot. Class Cert 22, ECF No. 81. The Limitations Class would include all Retirement Award recipients who: (1) were employed by Marriott or its affiliates at some point after January 1, 1976; (2) did not either elect or default to receive all of their Retirement Award shares in the form of Host Marriott stock at the time of the 1993 spin-off; and (3) did not become employees of Sodexho Marriott Services at the time of the 1998 spin-off; except those who (4) started receiving Retirement Award benefits from Marriott on or after January 19, 2007, or have yet to start receiving Retirement Award benefits. *Id.* at 25.

## I.  Rule 23(a)

Rule 23(a) provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(1)-(4). "Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Dukes*, 131 S. Ct. at 2550. "The Rule's four requirements—numerosity, commonality, typicality, and adequate representation—

'effectively limit the class claims to those fairly encompassed by the named plaintiff's claims.'" *Id.* (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982)).

The Plaintiffs' proposed classes appear to satisfy the numerosity requirement. Plaintiffs' proposed Top-Hat Class includes roughly 7,500 class members scattered throughout the country. The proposed Limitations Class has roughly 4,700. Pls.' Mot. Class Cert. 27. "[T]he final three requirements of Rule 23(a) 'tend to merge,' with commonality and typicality 'serving as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Brown v. Nucor Corp.*, 576 F.3d 149, 152 (4th Cir. 2009) (citation omitted); *see also Ealy v. Pinkerton Gov't Servs., Inc.*, No. 12-1252, 2013 WL 980035, at *5 (4th Cir. Mar. 14, 2013) (unpublished) (noting that a trial court must engage in a "rigorous analysis" of Rule 23's prerequisites for class certification). Rule 23(a)(2)'s requirement that proposed classes bear "commonality," mandates that Plaintiffs show "that 'there are questions of law or fact common to the class.'" *Dukes*, 131 S. Ct. at 2550-51 (quoting Fed. R. Civ. P. 23(a)(2)).

Commonality requires that class members suffered the same injury." *Id.* at 2551 (quoting *Falcon*, 457 U.S. at 157). "Their claims must depend upon a common contention . . . of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* The Plaintiffs claim that their Top-Hat Class satisfies commonality because all proposed members were participants in a pension plan that Marriott improperly exempted from ERISA's substantive requirements. Pls.' Mot. Class Cert. 28, ECF No. 81. They acknowledge that "it is true that the monetary damages class members suffered from this injury differed (some class

4

members may not have suffered any monetary damages at all)," but assert that "they were all 'injured' (in the Article III sense) *in the same manner* by the *same decision*." *Id.* (emphasis in original).

The Plaintiffs' proposed Top-Hat Class, however, does not satisfy Rule 23(a)'s commonality requirement. Commonality "does not mean merely that [class members] have all suffered a violation of the same provision of law." *Dukes*, 131 S. Ct. at 2551. Yet, Marriott's alleged ERISA violation—wrongfully exempting class members' pension plan—is the glue upon which the Plaintiffs rely to frame their common question for the Top-Hat Class. Moreover, many of the putative class members actually vested in and received more shares under the Retirement Award vesting schedule than they would have if they had been paid under ERISA's minimum vesting schedules. Plan participants who have already been paid benefits equal to or in excess of what they would have received under ERISA vesting have no viable cause of action in this case. *Cf. Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 337 (4th Cir. 1998) (noting that an "obstacle to class treatment . . . is a conflict of interest between different groups of [class members] with respect to the appropriate relief"); *Groussman v. Motorola, Inc.*, No. 10 C 911, 2011 WL 5554030, at *3 (N.D. Ill. Nov. 15, 2011) (denying class certification where "Plaintiffs argue[d] that Defendants' alleged violations of ERISA ar[ose] from a common set of facts. However, for the commonality requirement more is required than merely some common aspects among class members. Plaintiffs' argument that the commonality requirement is met simply because all proposed class members were participants in the Plan and had invested in . . . stock is the type of loose factual connections among class members that does not suffice under *Dukes*.").

The Plaintiffs argue that their Limitations Class satisfies the commonality requirement because there will be common answers to the common questions of whether certain events triggered the statute of limitations on Plaintiffs' ERISA claims. However, the Plaintiffs' argument again fails because "when the defendant[s'] 'affirmative defenses (such as . . . the statute of limitations) may depend on facts peculiar to each plaintiff's case,' class certification is erroneous." *Broussard*, 155 F.3d at 342. Even if the Court made a single determination with respect to when pension plan participants' claims accrued, individual determinations may still be required. For example, a number of class members signed releases that could waive their rights to pursue claims. The Court may be required to conduct an individualized analysis of the viability of claims for each class member, which defeats commonality for this class. *See id.* (denying class certification where "tolling the statute of limitations on each of plaintiffs' claims depends on individualized showings that are non-typical and unique to each.").

The circumstances barring commonality for the Plaintiffs' proposed classes also defeat the remaining two Rule 23(a) requirements; typicality and adequacy of representation. *See Deiter v. Microsoft Corp.*, 436 F.3d 461, 466-67 (4th Cir. 2006) ("The typicality requirement goes to the heart of a representative parties' ability to represent a class, particularly as it tends to merge with the commonality and adequacy-of-representation requirements."); *Spann v. AOL Time Warner, Inc.*, 219 F.R.D. 307, 320 (S.D.N.Y. 2003) ("The adequacy criteria tend to merge with the commonality and typicality requirements"). The Plaintiffs did not participate in all of the plans at issue and thus their claims may be different from those of proposed class members whose Retirement Awards are subject to different terms under different plans. Plaintiff Bond is not typical because he did not execute a release and a number of other members of the class, including Plaintiff Steigman, did. *See Broussard*, 155 F.3d at 339 n.4 (*Melong v. Micronesian*

*Claims Comm'n*, 643 F.2d 10, 13 (D.C. Cir. 1980) (noting settled law "that proposed class members who have executed releases cannot be represented by individuals who have not executed a release")); *Spann*, 219 F.R.D. at 320-21 (finding than Plaintiffs for a proposed class in an ERISA action failed to show "that they [were] adequate representatives of a Class including individuals subject to a [r]elease defense"). Further, the releases signed by the various class members over the past forty years are not all the same. Defs.' Opp'n to Class Cert. 31-32 (noting that the Plaintiffs attached ten different types of releases to their class certification brief, dated 1969 through 2006, with varying language). Consequently, the Plaintiffs fail to satisfy the "typicality" and "adequacy of representation" requirements of Rule 23(a)(3) and (4).

## II. Rule 23(b)

In addition to complying with Rule 23(a), a proposed class must satisfy one of the requirements set forth in Rule 23(b). Rule 23(b) provides that a class action may be maintained if Rule 23(a) is satisfied and if:

> (1) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>     (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>     (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

>    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>    (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(1)-(4). The Plaintiffs claim that their proposed Top-Hat Class can be certified under any subsection of Rule 23(b), and that their proposed Limitations Class can be certified under Rule 23(c)(4) as a 23(b)(3) class.

The Plaintiffs assert that because their claims require the Court to determine the proper ERISA classification of the Retirement Awards, they present "the classic case for certification under Rule 23(b)(1)(A)." Pls.' Mot. Class Cert. 35, ECF No. 81. *See Pender v. Bank of Am. Corp.*, 269 F.R.D. 589, 598 (W.D.N.C. 2010) ("ERISA cases in which plaintiffs challenge the computation of benefits are often certified under Rule 23(b)(1)(A)."). The Plaintiffs argue that the need to resolve the ERISA status of the Retirement Awards makes class certification equally appropriate under Rule 23(b)(1)(B). Pls.' Mot. Class Cert. 36, ECF No. 81. As noted above, however, some class members suffered no injury and some could be harmed by the requested relief. Certification under Rule 23(b)(1) is usually inappropriate where "the alleged conduct harmed some participants and helped others." *Spano v. Boeing Co.*, 633 F.3d 574, 588 (7th Cir. 2011).

Further, for those class members who benefited from Marriott's alleged invalid exemption, there is a serious question as to whether they have standing for the declaratory and injunctive relief that the Plaintiffs seek. *See, e.g.*, *Gardner v. Montgomery County Teachers Fed. Credit Union*, 864 F. Supp. 2d 410, 421 (D. Md. 2012) (plaintiff who seeks relief must show that he is in danger of being injured by the opposing party's conduct and that the danger is both "real" and "imminent" and neither "conjectural" nor "hypothetical"). Further, while the proposed class members could actually be prejudiced by class certification, the Defendants "do

not contend they would be prejudiced if the class were not certified." *Zimmerman v. Bell*, 800 F.2d 386, 389 (4th Cir. 1986) (noting that an "action may be brought as a class action under Rule 23(b)(1) if individual adjudication of the controversy would prejudice either the party opposing the class, (b)(1)(A), or the class members themselves, (b)(1)(B)," and affirming district court's decision to refuse to certify the proposed class). Thus, the Top-Hat Class cannot be certified under Rule 23(b)(1).

The Plaintiffs maintain that the Top-Hat Class can be certified under Rule 23(b)(2) because Marriott's decision to unilaterally exempt the Retirement Awards program from ERISA's substantive requirements impacted all plan participants, as it deprived them of ERISA's funding, vesting, and fiduciary protections. Pls.' Mot. Class Cert. 37-38, ECF No. 81. "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant. Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Dukes*, 131 S. Ct. at 2557.

Here, the Plaintiffs cannot certify their Top-Hat class under Rule 23(b)(2) because damage determinations would need to be made on an individual basis for over 7,000 Retirement Award beneficiaries, and each class member could receive a different monetary award or no monetary award. This is especially true for class members who signed release agreements. Therefore, the Top-Hat Class cannot be certified under Rule 23(b)(2). *See Stanley v. Central Garden and Pet Corp.*, 891 F. Supp. 2d 757, 771 (D. Md. 2012) (finding that a class could not be certified under Rule 23(b)(2) in light of *Dukes*, because "Rule 23(b)(2) classes cannot combine class-wide injunctive relief with individualized damages").

The Plaintiffs argue that the Top-Hat Class can be certified under Rule 23(b)(3) because the "central question underlying the Plaintiffs' declaratory and injunctive relief claims is whether the Retirement Awards program qualified to be a top-hat plan exempt from ERISA's substantive requirements," and the "answer does not vary participant by participant." Pls.' Mot. Class Cert. 44, ECF No. 81; *see Cuthie v. Fleet Reserve Ass'n*, 743 F. Supp. 2d 486, 500 (D. Md. 2010) (certifying an ERISA class under Rule 23(b)(3) where the issues were "straightforward and limited," and "a class action [was] the superior method"). They also argue that the Limitations Class can be certified under Rule 23(c)(4) and Rule 23(b)(3) because "Marriott's statute of limitations defense is common to all class members." Pls.' Mot. Class Cert. 47, ECF No. 81; *see* Fed. R. Civ. P. 23(c)(4) ("When appropriate, an action may be brought or maintained as a class action with respect to particular issues.").

Rule 23(b)(3) permits a party to maintain a class action if the Court "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in a particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(A)-(D).

The Plaintiffs cannot certify their Top-Hat Class or their Limitations Class under Rule 23(b)(3), however, because individual issues that could not be resolved on a class-wide basis saturate their claims. Among these issues are Marriott's statute of limitations and release

defenses. "Rule 23(b)(3)'s predominance requirement is 'far more demanding' than Rule 23(a)'s commonality requirement and 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 362 (4th Cir. 2004) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997)). Where "individual issues would . . . likely 'overwhelm' the common ones," this may "preclude the court from finding satisfaction of the predominance requirement of Rule 23(b)(3)." *Id.* at 363.

Further, the Top-Hat Class is unlike that certified in *Cuthie*, 743 F. Supp. 2d at 497, where all 19 plan participants were adversely affected by a lesser-step benefit accrual, because some members of the Top-Hat Class were not adversely affected by Marriott's allegedly improper Top-Hat exemption. In sum, the Plaintiffs have failed to satisfy the requirements of Rule 23 for either of their proposed classes, and therefore the Court will deny the Plaintiffs' Motion for Class Certification [ECF No. 80].

## CONCLUSION

For the foregoing reasons, the Court will deny Plaintiffs' Motion for Class Certification [ECF No. 80]. A separate Order follows.

Date: January 7, 2014                                  /s/
                                              ROGER W. TITUS
                                          UNITED STATES DISTRICT JUDGE