IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DENNIS WALTER BOND, SR.,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No. RWT 10-cv-1256 |
| **MARRIOTT INTERNATIONAL, INC.,** *et al.*, | * | |
| Defendants. | * | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Dennis Walter Bond and Michael P. Steigman filed this Class Action Complaint against Marriott International, Inc. and Marriott International, Inc. Stock and Cash Incentive seeking unpaid retirement benefits. The Court issued a final judgment in this matter on January 20, 2015 (ECF No. 234), and Plaintiffs filed their Notice of Appeal on February 13, 2015 (ECF No. 240). The record has been transmitted to the Court of Appeals (ECF No. 244), and Plaintiffs now move to supplement the record with the PowerPoint presentations that both parties gave in open court during the January 12, 2015 oral argument on the motions for summary judgment filed by each side (ECF No. 256).

Federal Rule of Appellate Procedure 10(a) provides that the record on appeal consists of the "original papers and exhibits filed in the district court," any transcript of proceedings, and a certified docket sheet. *Blankson-Arkoful v. Sunrise Sr. Living Servs., Inc.*, 449 F. App'x 263, 264–65 (4th Cir. 2011). Federal Rule of Appellate Procedure 10(e) allows a district court to supplement the record that was previously before it "if any difference arises as to what actually occurred before it," or "if anything material to either party is omitted from the record by error or accident." Fed. R. App. P. 10(e)(1)–(2); *accord Pilger v. D.M. Bowman, Inc.*,

No. CIV. WDQ-10-0597, 2013 WL 417772, at *1 (D. Md. Jan. 31, 2013). Under the Fourth Circuit's local rules, disputes about the correction of the record should be resolved by the district court. Local Rule 10(d) (4th Cir.). *Pilger*, 2013 WL 417772, at *1. "[T]he purpose of Rule 10(e) is not to allow a district court to add to the record matters that did not occur there in the course of the proceedings leading to the judgment under review," and it should refuse to supplement the record on appeal with discovery documents that were "not filed . . . or brought to the attention of the district court, as it considered the various papers in evaluating the motion for summary judgment." *Thomas v. Lodge No. 2461 of Dist. Lodge 74 of Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 348 F. Supp. 2d 708, 710 (E.D. Va. 2004) (citing *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1165 (3d Cir. 1986)); *Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 973 n.8 (4th Cir. 1990).

The 167 slides that comprise the PowerPoint presentations at issue (Plaintiffs' 125-slide presentation and Defendants 42-slide presentation) are not part of the record. Each party used slides during oral argument of the motions for summary judgment filed by each side. The slides were based on case and statutory citations and/or the record actually before the Court, but the Court did not receive the slides in evidence. The hearing was not an evidentiary hearing, but rather an oral argument based on materials developed and presented to the Court pursuant to the procedures established under Federal Rule of Civil Procedure 56. In addition, Plaintiffs did not actually use many of the 125 slides at the summary judgment oral argument—instead skipping around the presentation in order to supplement oral argument, and thus not properly bringing all of its content to the attention of the Court in its evaluation of the motions for summary judgment. To the extent that the parties mentioned the slides during the argument, that is reflected in the transcript that is part of the record.

Plaintiffs have failed to show that supplementation of the record with the PowerPoint presentations used at the summary judgment oral argument would be appropriate. Accordingly, it is this 9th day of April, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiffs' Motion to Supplement the Record (ECF No. 256) is hereby **DENIED**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
